UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USHER P., individually and on behalf of S.P., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART ECF NO. 8**<br><br>Case No. 2:26-cv-00748-TC<br><br>Judge Tena Campbell |

Before the court is the Parties' "Stipulated Motion (1) to Transfer Venue to the District of New Jersey; and (2) Extend Time to Respond to Plaintiff's Complaint." (ECF No. 8.) For the reasons discussed below, the court grants the motion in part and denies it in part.

First, the parties seek to transfer the above-captioned matter, which is an ERISA case, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). (Id.) "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." T.E. v. Anthem Blue Cross & Blue Shield, No. 1:22-CV-00010-JNP, 2022 WL 1121810, at *1 (D. Utah Apr. 14, 2022) (quoting 28 U.S.C. § 1404(a)). "The decision of whether to transfer an action is within the discretion of the trial court." Id. (quoting Cmty. TV of Utah, LLC v. Aereo, Inc., 997 F. Supp. 2d 1191, 1205 (D. Utah 2014)). The parties aver "that the District of New Jersey is a proper district in which this case could have been originally filed based on the first and second bases for proper ERISA venue." (See ECF No. 8 at ¶ 7.) Further, the parties consent to the transfer of this case to the District of New Jersey and agree that the requirements of § 1404(a) for a transfer have

been met. (See id. ¶¶ 8, 13). Additionally, the court concludes that transferring this action to the District of New Jersey "would prove more convenient to the parties and witnesses and serve the interests of justice." See T.E., 2022 WL 1121810, at *1. This is because Plaintiff Usher P. and S.P. (the relevant minor) are both New Jersey residents, and Modway, Inc. is Usher P.'s employer and is the Plan's sponsor and plan administrator, and Modway maintains its principal place of business in New Jersey. (ECF No. 8 at ¶¶ 3–4; see also id. ¶ 6 (explaining that "[t]wo of the three statutory bases for ERISA venue … point to the District of New Jersey").) Therefore, the court GRANTS the parties' motion to transfer venue and ORDERS that the present action be transferred to the United States District Court for the District of New Jersey.

Second, the parties request that the court order that "the deadline for Defendant to respond to the Complaint is set thirty (30) days from entry of this Court's order transferring the case to the District of New Jersey to allow Aetna to secure local counsel, enter and appearance, and prepare its response." (ECF No. 8-1.) "[T]he court declines to issue an order that binds the transferee court and potentially interferes with that court's preferred schedule regarding filings." See T.E., 2022 WL 1121810, at *1. Accordingly, the court DENIES the parties' motion insofar as it seeks to extend the deadline to respond to the complaint. The parties may move for such an extension in the transferee court.

DATED this 2nd day of November, 2026.

BY THE COURT:

Tena Campbell

Tena Campbell
United States District Judge